## MASSILON MORTGAGE CO v INDEPENDENCE INDEMNITY CO

Ohio Appeals, 6th Dist, Stark Co
No 1077.   Decided Oct, 1930

Thos. C. Davis, Massilon, and Oscar M. Abt, Canton, for Mortgage Co.

E. L. Mills and M. A. Evans, both of Canton, for Indemnity Co.

JUSTICE, J (3rd Dist) sitting in place of HOUCK, J.

LEMERT, J.

It was the contention of the defendant, as spoken through Mr. McAllister, that all these matters had the approval of the Board of Directors. While it is true that the Appraisal Committee did look at some of these properties, as evidenced by the record, a careful examination of the record reveals that the only evidence that the Board of Directors knew anything about any of these transactions is to be gathered and deduced from the testimony of Mr. McAllister alone.

The testimony of the plaintiff is plain and convincing and to the effect that none of the transactions were ever brought before the Executive Committee or the Directors.

In weighing the evidence in this case, it should be borne in mind that it is the duty of McAllister to keep a record of all proceedings and his own testimony discloses the fact that he did not keep such a record.

In the briefs submitted as well as the oral arguments in this case, the question of intent or good faith was stressed to a certain extent. From an examination of the record before us, and when we consider the facts as shown by the record, it is not, after all, so difficult to determine whether or not McAllister acted in good faith.

The Company was organized by McAllister and there was a paid-in capital of some $61,000. The company was organized late in 1926 and was in operation less than two years when it was discovered that during that period McAllister had loaned to himself, his company, and some project in which he was interested, a sum in excess of $20,000.00—a sum equivalent to about one third of the entire paid-in capital of the company. The fact that this money was loaned by McAllister to himself excludes any possible implication of good faith.

In the 148 Fed. Rep. 353, it was held in an action of a fidelity bond insuring a corporation against loss from fraud or dishonesty of an officer, to recover a loss resulting from his acts, the testimony characterizing such acts necessarily takes a

wide "range and evidence of his general course of conduct in business affairs, although not directly relating to the transactions in issue, is properly admissible to show the spirit and intent which moved him.

In the Northwestern Report, 529-531 it was held that it is not necessary that a bonded employee should act for the purpose of personal profit in order that he may be guilty of fraud or dishonesty. A breach of trust an abstraction of funds, together with deceit and concealment is fraud or dishonesty within the meaning of a fidelity bond, although the act is performed for the profit of another.

So that we find and believe on the first proposition of claimed error that the evidence, as disclosed from the record in this case, shows that the verdict of the jury was against the manifest weight of the evidence.

On the second proposition of error on the part of the Court in giving defendant's requests to charge before argument, said requests being as follows:

No. 2. If you find from the evidence that Patrick E. McAllister loaned any money of said plaintiff or purchased any securities in good faith and that such transaction was not authorized by the directors of said plaintiff company, such transaction would not be covered by the terms of the bond sued upon in this case, and your verdict must be for the defendant.

No. 3. I further charge you as a matter of law that under the bond sued upon in this case, the defendant Bonding Company would not be liable for any mere error of judgment or bona fide mistake or any injudicious exercise of judgment or discretion on the part of P. E. McAllister even though he violated the instructions of the directors of said company on the rules and regulations of said plaintiff company.

We find and hold in this case that these two separate requests were erroneous and not only erroneous, but that they were highly prejudicial, bearing in mind that the bond provided that the defendant company would make good to plaintiff company such pecuniary loss or money, funds or other personal property as the employer shall sustain by any act or acts of fraud or dishonesty (including forgery, theft, embezzlement, wrongful abstraction or misapplication) directly or through connivance with others on the part of P. E. McAllister. We believe that when the Court told the jury that Mr. McAllister could loan money to himself or others, in violation of his authority or when not authorized by the Board of Directors, such charge was error, for the reason that when Mr. McAllister, without the authority of the Board of Directors in loaning money to himself or others, he did an act constituting wrongful abstraction or misapplication of the funds of the plaintiff company within the terms of the bond, and we do not believe that the question of good faith entered into the transaction.

It may be that a surety could not be held liable for a mere error of judgment or bona fide mistake or an injudicious exercise of discretion when standing alone as an abstract proposition of law, and if pertinent to the case it would not be erroneous to give the same, but when such proposition is coupled with the thought that there could be no liability even though the person bonded violated his positive instructions, the proposition contained in request No. 3 contains the same absurdity as contained in request No. 2. Both these propositions we consider erroneous further for the reason that when Mr. McAllister knowingly engaged in an act or series of acts not authorized by the Directors or when he violated their instructions or the rules and regulations of said company, by loaning to himself or others money of the plaintiff company, within the meaning of the terms of the bond, he committed a wrongful abstraction or misapplication of its funds.

276 S. W. 302:

78 Ind. 529.

On the third proposition of error, that the general charge of the Court was erroneous, we have carefully looked over and considered this charge as a whole and we do not agree with the contention of counsel for plaintiff in error in that regard. We do find and hold, however, upon a careful examination of the entire record, that error has intervened in this case, to-wit, upon propositions

1—That the verdict of the jury was against the manifest weight of the evidence; and,

2—That the Court erred in giving the written requests on behalf of the defendant before argument.

Therefore it follows that this case will be and the same is hereby reversed and case remanded to the Court of Common Pleas for further proceedings according to law.

Exceptions may be noted.

Sherick, J, and Justice, J, concur.